**FILED**

DEC - 6 2002

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Charleston Aluminum Trading Co., LLC, | C/A No.: _____ <br> Common Pleas No.: 02-CP- |
| Plaintiff, | |
| vs. | NOTICE OF AND PETITION FOR REMOVAL |
| Sibirsky Aluminum Products USA Corp., | |
| Defendant. | 5 02 4090 24 |

PLEASE TAKE NOTICE that Defendant Sibirsky Aluminum Products USA Corp. ("SAP"), by its undersigned attorneys, has by this Notice caused the removal of the above-captioned case from the Court of Common Pleas First Judicial Circuit of the State of South Carolina, County of Orangeburg, to this Court, and states as follows:

1.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.

2.  SAP first received a copy of the Summons and Complaint in this action on November 7, 2002. A true and correct copy of the Summons and Complaint received by SAP is attached hereto as <u>Exhibit 1</u> and incorporated herein by reference.

3.  The Court of Common Pleas First Judicial Circuit of the State of South Carolina, County of Orangeburg, is a state court within this judicial district.

4.  This is a civil action within the meaning of the Acts of Congress relating to removal of actions.

5.  This notice of removal is filed within thirty (30) days of the "receipt [by Defendant], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).



6. This case is properly removable pursuant to 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction under 28 U.S.C. § 1332 (a) and (c).

7. The United States District Court has original jurisdiction under 28 U.S.C. § 1332, which provides as follows:

"Section 1332. Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "

(1) citizens of different States"

8. The Plaintiff and the Defendant are citizens of different states.

9. Defendant SAP was at the time of the commencement of this action, and is currently, a domestic corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York and is, therefore, a citizen of those states.

10. Upon information and belief, and based on the allegations in the Complaint, Plaintiff Charleston Aluminum Trading Co., LLC was at the time of the commencement of this action, and is currently, a domestic corporation duly organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina and, upon information and belief, is a citizen of that state.

11. The Complaint asserts claims arising from a business relationship between the parties "over the past two years" (Complaint ¶ 4) and seeks actual damages, including incidental and consequential damages and punitive damages.

12. Over the past two years, Plaintiff purchased aluminum products from Defendant. The total purchase price for all orders placed by Plaintiff during the past two years is approximately $5 million.

13.   Based on the foregoing, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

14.   Written notice of the filing of this Notice will be given to Plaintiff promptly after the filing thereof.

15.   A copy of this Notice will be filed with the Clerk of the Court of Common Pleas First Judicial Circuit of South Carolina, County of Orangeburg, promptly after the filing thereof.

16.   This case is removed without waiver of any defense that may be available to Defendant SAP, including without limitation the defense that claims put at issue by the Complaint are subject to arbitration.

WHEREFORE, Defendant SAP respectfully requests that the above-captioned action now pending in the Court of Common Pleas First Judicial Circuit of South Carolina, County of Orangeburg, be removed to this the United States District Court for the District of South Carolina, Orangeburg Division.

Dated this 6th day of December, 2002.

Respectfully submitted,

By: _____
Donald A. Cockrill (Fed Id. # 192)
James T. Hedgepath (Fed. Id. # 7837)
Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1501 Main Street, Suite 600
Post Office Box 11206
Columbia, South Carolina 29201
(803) 252-1300

COPY

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF ORANGEBURG )<br>)<br>Charleston Aluminum Trading Co., LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Sibirsky Aluminum Products USA Corp., )<br>)<br>Defendant. )<br>_____ ) | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br><br>Civil Case No. 02-CP-<br><br><br>SUMMONS<br>(Jury Trial Requested)<br>(Breach of Contract Accompanied<br>by Fraudulent Act) |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on the subscribers at 1200 Bank of America Plaza, 1901 Main Street, Post Office Box 944, Columbia, South Carolina 29202, within thirty (30) days of the date of service, exclusive of such day. In the event you fail to answer within the stated time, Judgment by Default will be rendered against you for the relief demanded in the Complaint.

ROBINSON, MCFADDEN & MOORE, P.C.

*/s/ Thomas W. Bunch, II*
Thomas W. Bunch, II
Attorneys for Plaintiff
Post Office Box 944
Columbia, South Carolina 29202
(803) 779-8900

Columbia, South Carolina
November 5, 2002

Exhibit 1

COPY

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIRST JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG ) | |
| ) | Civil Case No. 02-CP- |
| Charleston Aluminum Trading Co., LLC, ) | |
| ) | ATTEST: TRUE COPY |
| Plaintiff, ) | [signature] |
| ) | CLERK OF COURT |
| vs. ) | COMPLAINT ORANGEBURG COUNTY SOUTH CAROLINA |
| ) | (Jury Trial Requested) |
| Sibirsky Aluminum Products USA Corp., ) | (Breach of Contract Accompanied |
| ) | by Fraudulent Act) |
| Defendant. ) | |

Plaintiff alleges:

1. Plaintiff, Charleston Aluminum Trading Co., LLC, is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Orangeburg, South Carolina.

2. On information and belief, defendant is a corporation organized and existing under the laws of a state other than South Carolina.

3. On information and belief, defendant does business in the State of South Carolina. In addition, defendant contracts to supply products in South Carolina, has committed a tortious act in South Carolina, engages in conduct and derives substantial revenue from goods used in South Carolina, enters into contracts to be performed in whole or in part in South Carolina, and distributes goods with the reasonable expectation that the goods are to be used or consumed in South Carolina and those goods are so used and consumed.

## FOR A FIRST CAUSE OF ACTION

4. Over the past two years, Charleston Aluminum Trading Co. and defendant created a business relationship in which Charleston Aluminum purchased aluminum products from defendant.

1

5. On numerous occasions, defendant failed to make timely delivery, failed to make any delivery, or delivered goods that did not conform to Charleston Aluminum's order.

6. As a result of defendant's failure to perform and breach of the parties' agreement, plaintiff has sustained actual, incidental and consequential damages to be proved at trial. Plaintiff has expended substantial sums in inspecting and maintaining the nonconforming goods. Charleston Aluminum Trading Co. has expended substantial sums in locating and purchasing products to cover for defendant's breach. As a further consequence of defendant's breach, Charleston Aluminum has had to adjust prices with its customers or lost orders as a result of defendant's late or non-delivery of product.

## FOR A SECOND CAUSE OF ACTION

7. Plaintiff incorporates by reference the foregoing allegations of this complaint.

8. Defendant entered into an agreement with plaintiff knowing full well that it could not or would not timely deliver the agreed upon products.

9. Defendant unilaterally and without just cause reduced plaintiff's credit line used by plaintiff in ordering its goods.

10. Defendant diverted manufacturing production away from Charleston Aluminum Trading Co. without just cause.

11. Defendant's acts were dishonest in their supply of materials to Charleston Aluminum, were designed to damage Charleston Aluminum's supply of products to its customers, and defendant misappropriated Charleston Aluminum's business opportunities.

2

12. Defendant wrongfully stated to a Charleston Aluminum customer and supplier that Charleston Aluminum was financially insecure causing that business to reevaluate Charleston Aluminum's credit terms, and putting Charleston Aluminum on a cash on delivery payment basis.

13. Defendant's acts were characterized by dishonesty in fact, unfair dealing, and the unlawful appropriation of the production of aluminum products ordered by Charleston Aluminum Trading Co.

14. Defendant's breach of contract was accompanied by the foregoing fraudulent acts and committed with a fraudulent intent.

15. As a direct and proximate result of defendant's breach of contract accompanied by fraudulent act, plaintiff has been damaged as set forth above and plaintiff is entitled to punitive damages.

WHEREFORE, plaintiff prays for actual damages against the defendant including incidental and consequential damages, punitive damages, the costs of this action, and for such other and further relief as the court deems just and proper.

ROBINSON, MCFADDEN & MOORE, P.C.

Thomas W. Bunch, II
Attorneys for Plaintiff
Post Office Box 944
Columbia, South Carolina 29202
(803) 779-8900

Columbia, South Carolina

November 5, 2002

3